IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-2-FL

| | |
|---|---|
| KATHY JUANITA REAVES, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| FREDDIE WILLIAMSON, individually;<br>MELISSA THOMPSON, individually;<br>EVERETTE TEAL, individually;<br>HERMAN LOCKLEAR, individually;<br>DEBBIE MCKENZIE, individually;<br>ANGELA FAULKNER, individually;<br>AMY JOHNSON, individually;<br>DEMETRIA GRISSET, individually;<br>ATKINS TRY MICHAEL, individually;<br>PUBLIC SCHOOLS OF ROBESON<br>COUNTY; PUBLIC SCHOOLS OF<br>ROBESON COUNTY BOARD OF<br>EDUCATION; CATHERINE TRUITT,<br>PUBLIC SCHOOLS OF NORTH<br>CAROLINA; NORTH CAROLINA<br>DEPARTMENT OF PUBLIC<br>INSTRUCTION; NORTH CAROLINA<br>STATE BOARD OF EDUCATION; and<br>STATE OF NORTH CAROLINA, | )<br>)<br>)  ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

This matter comes before the court on defendants' motions to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) (DE 103, 114), and plaintiff's motion to amend her amended complaint (DE 134). The issues raised are ripe for ruling. For the following reasons, defendants' motions are granted and plaintiff's motion is denied.

1

## STATEMENT OF THE CASE

Pro se plaintiff, a middle school teacher, sought leave to proceed in forma pauperis January 3, 2022, and this court allowed her to pay the filing fee in two installments. Plaintiff filed her amended complaint March 7, 2022, asserting violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII"); 42 U.S.C § 1983 (§ 1983), the Fourteenth Amendment; the CARES Act, 15 U.S.C. §§ 9001 et seq. ("CARES"); the American Rescue Plan, Pub. L. No. 117-2 § 1001 et seq. (2021) ("ARP"); the Every Student Succeeds Act, 20 U.S.C. § 6301 ("ESSA");[1] Career and Technical Education, 20 U.S.C. §§ 2301 et seq. ("CATE"); the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. §§ 95-240 -245 ("REDA"); the North Carolina State Tort Claims Act, N.C. Gen. Stat. §143-291 ("NCTA"); as well as "municipal and supervisory liability;" interference with contractual obligations; contract fraud; "COVID-19 teacher bonus fraud;" "abuse of power/bullying;" negligent hiring and retention; and "respondeat superior."

Plaintiff seeks $1.5 million in compensatory damages and $1.5 million in punitive damages for each cause of action against individual school officials, defendants Freddie Williamson ("Williamson"), Melissa Thompson ("Thompson"), Everette Teal ("Teal"); unspecified damages from other individual school officials, defendants Herman Locklear (Locklear), Debbie McKenzie (McKenzie), Angela Faulkner (Faulkner), Amy Johnson (Johnson), Demetria Grissett (Grissett), and Atkins Trey Michael (Michael), unspecified damages from defendants Public Schools of Robeson County, Public Schools of Robeson County Board of Education, $1 million each from defendants State of North Carolina, Public Schools of North Carolina, North Carolina Department

---

[1] The court construes plaintiff's eleventh cause of action ("violation of Title I funding requirements") as a replication of her ESSA claim.

of Public Instruction, and Catherine Truitt, North Carolina Superintendent of Public Instruction ("Truitt"); additional unspecified punitive damages; and attorneys' fees[2] and costs.

Individual and county defendants filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim April 19, 2022. State defendants filed a motion to dismiss on the same grounds May 2, 2022. Plaintiff filed subsequently a motion to amend her complaint, which seeks to add rather than to modify facts alleged in the complaint, and a notice attaching an Equal Employment Opportunity Commission ("EEOC") right-to-sue letter.

## STATEMENT OF FACTS

The facts alleged in the complaint and motion to amend may be summarized as follows. Plaintiff was hired in October 2021 as a Career and Technology Education (CTE) teacher at Townsend Middle School, in Robeson County, North Carolina. She told Faulkner, the principal, that her long commute would make it impossible for her to arrive by 7:30 am. In November, McKenzie, an assistant principal allegedly began to "harass [plaintiff] about being at the. . . gym at 7:30 am" to supervise students getting off the bus. (Compl. ¶ 33). When plaintiff reminded the principal that she had a long commute, the principal "began to threaten [plaintiff] with disciplinary action. . . if. . . requirements were not met." (Compl. ¶ 38).

Plaintiff filed a grievance against the assistant principal in December. The day after filing her grievance, she received a call from Thompson, assistant superintendent of human resources for public schools of Robeson County, instructing her to meet human resources the next morning. Plaintiff was unable to meet in person, and Williamson, superintendent of Robeson County Public Schools, denied her request for a virtual meeting. Upon plaintiff's further inspection of her

---

[2] Where plaintiff is proceeding pro se, the court construes this request as applying to fees plaintiff might incur in the event she retains counsel.

employment contract, she realized that Williamson had backdated his signature. She filed an additional grievance against the superintendent.

Williamson instructed information technology personnel to disable plaintiff's employee email account. Plaintiff is still unable to log into her email, which is required to access the state-approved curriculum for her classes and enter grades. In January, someone other than plaintiff entered grades of "100" for all her students.

In February, Johnson, an administrator, "entered [plaintiff's] classroom and began to belittle her in front of the students." (Compl. ¶ 87). Faulkner "took no action and condoned the behavior" of Johnson. (Id.). In March, members of the Maxton police department escorted her off the premises, pursuant to a suspension from her role as teacher.

Plaintiff additionally alleges that she is owed a sign-on bonus in the amount of $1000.00, which she did not receive within the appropriate time frame.

## COURT'S DISCUSSION

A. Defendants' Motions to Dismiss

1. Standard of Review

The court considers defendants' shared defenses under Rule 12(b) of the Federal Rules of Civil Procedure. Challenge to this court's subject matter jurisdiction predicated on Rule 12(b)(1) may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).[3]

Where a defendant raises a "facial challenge[] to [subject matter jurisdiction] that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the

---
[3] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

With regard to their defense predicated upon Rule 12(b)(6), it is well-settled that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). In evaluating whether plaintiff has stated a claim, her "pro se complaint. . . must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2. Analysis

    a. Title VII

It is "unlawful employment practice for an employer to . . . discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. "An employment discrimination plaintiff need not plead a prima facie case of

5

discrimination" at the motion to dismiss stage. Sierkiewicz v. Sorema, 534 U.S. 506, 515 (2002). But "[b]eing aware of no alternative explanation and guessing that conduct is [illegally] motivated does not amount to pleading actual facts to support a claim of . . . discrimination." Bing v. Brivo Systems, LLC, 959 F.3d 605 (4th Cir. 2020).

Plaintiff's complaint does not state her race, color, religion, sex, or national origin, alleging only that "defendants willingly, and knowingly violated the right of [plaintiff] or had knowledge that they were discriminated against and failed to intervene." (DE 48 at 56). Where plaintiff has failed to allege a protected ground, and she has failed to allege facts giving rise to a plausible inference of discrimination, the complaint fails to state a claim upon which relief can be granted.

In addition and in the alternative, plaintiff did not exhaust her administrative remedies before seeking relief in this court. "Before a federal court may assume jurisdiction over a claim under Title VII . . . , a claimant must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b), which include an investigation of the complaint and a determination by the EEOC." Davis v. North Carolina Dept. of Correction, 48 F.3d 134, 137 (4th Cir. 1995). "Title VII's charge-filing provisions . . . require complainants to submit information to the EEOC and wait a specified period before commencing a civil action." Fort Bend County v. Davis, 139 S.Ct. 1843, 1851 (2019). Complaints alleging violations of Title VII are "properly subject to a motion to dismiss" until the EEOC issues a right-to-sue letter. Henderson v. Eastern Freight Ways, Inc., 460 F.2d 258, 260 (4th Cir. 1972).

Here, all defendants moved to dismiss more than four months before plaintiff filed her right-to-sue letter. As such dismissal is required for failure to exhaust administrative remedies. In sum, plaintiff's Title VII claim (sixteenth cause of action) is dismissed as a matter of law.

      b.     §1983 and Constitutional Claims

The court construes Plaintiff's first, fourth, eighth and tenth causes of action as an attempt to hold defendants liable for violating plaintiff's alleged procedural due process right to an adequate hearing before suspension of her state email account and substantive due process right to continued use of the same. The court likewise construes her third cause of action as an attempt to establish a civil conspiracy to deprive plaintiff of constitutional rights under § 1983.

"Due process rights are triggered by a legitimate claim of entitlement to a property interest." Kerr v. Marshall University Board of Governors, 824 F.3d 62, 80 (4th Cir. 2016). "Property interests. . . may take many forms," but "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577-78 (1972). This court is not aware of, and plaintiff has not cited, any case holding that continued use of an email account is such a property interest subject to either procedural substantive due process requirements. Given "the Supreme Court's longstanding reluctance to expand substantive due process," Slaughter v. Mayor and City Council of Baltimore, 682 F.3d 317, 323 (4th Cir. 2012), this court declines to find a property right in a state email account in the absence of any supporting authority. As such, Plaintiff's first, fourth, eighth, and tenth causes of action must be dismissed.

"To establish a civil conspiracy under § 1983, [plaintiffs] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996) (emphasis added). Where plaintiff has no constitutional right to use of her state email account, and where she has failed to plead a deprivation of constitutional rights, her conspiracy claim necessarily is dismissed.

7

c. CARES, ARP, ESSA, CATE, and Brown v. Board of Education

Plaintiff's seventh, ninth, and eleventh causes of action assert claims under CARES, ARP, ESSA,[4] and CATE. Her tenth claim, discussed above, also seeks to vindicate the alleged rights of her students under Brown v. Board of Education, 347 U.S. 483 (1954).

Where plaintiff's claims under CARES, ARP, ESSA, and CATE seek to challenge the timing and manner of educational spending, they fail for lack of statutory standing. "The question is whether Congress intended to confer standing on a litigant like the one at bar to bring an action under the statute." CGM, LLC v. BellSouth Telecommunications, Inc., 664 F.3d 46, 52-53 (4th Cir. 2011). "Normally, where the statutory language provides a clear answer, . . . analysis begins and ends with that language." Id. Plaintiff has not cited, and this court has not found, any language in the above-referenced statutes that would support a private cause of action for individual teachers who wish to challenge a state or school district's appropriation of funding. Plaintiff's claims under CARES, ARP, ESSA, and CATE, accordingly are dismissed as a matter of law.

Plaintiff also seeks to assert claims on behalf of her students. Her ninth cause of action under ESSA asserts her students are being "DENIED the right to succeed in a public school pursuant to federal law." (DE 48) (emphasis in original). Her tenth cause of action under Brown states that "students at Townsend Middle School are discriminated against and segregated from learning the state approved curriculum for CTE." (DE 48). Pro se plaintiffs may litigate on their own behalf but may not represent others. See Myers v. Loudoun County Public Schools, 418 F.d 395, 400 (4th Cir. 2005). Plaintiff has no standing to litigate on behalf of her students. Where

---

[4] The court construes Plaintiff's Title I claim as a claim under the Elementary and Secondary Education Act of 1965, Pub. L. 89-10 (1965), now codified as amended under 20 U.S.C. § 6301 et seq.

8

plaintiff's ninth and tenth causes of action seeks to assert the rights of third parties, they are dismissed as a matter of law.

        d.       State Law Claims

Plaintiff styles her remaining causes of action "municipal and supervisory liability," (second), "interference with contractual obligations" (fifth), "employment contract fraud" (sixth),"abuse of power/bullying" (twelfth), "negligent hiring and retention" (thirteenth), and "respondeat superior" (fourteenth). If a remedy for any of these claims exists, it exists under state law. See, e.g., Embree Construction Group, Inc. v. Rafcor, 411 S.E.2d 916, 924 (N.C. 1992) (citing to North Carolina state law when adjudicating a tortious interference with contract claim); Keith v. Health-Pro Home Services, Inc., 873 S.E. 567, 585 (citing to North Carolina state law when adjudicating a negligent hiring claim). At the least, plaintiff has not cited, nor has the court identified, any authority which would make these claims cognizable under federal law.

"A district court may decline to exercise supplemental jurisdiction over a pendent state law claim if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "If the federal claims are dismissed before trial. . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). See also "Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary").

Accordingly, where all of plaintiff's federal claims are dismissed, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

B.       Plaintiff's Motion to Amend

        1.       Standard of Review

"It is [Fourth] Circuit policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010). However, denial of leave to amend is appropriate when "1) the amendment would be prejudicial to the opposing party; 2) there has been bad faith on the part of the moving party; or 3) the amendment would have been futile." Drager v. PLIVA USA, Inc., 741 F.3d 470, 473 (4th Cir. 2014). A motion to amend should be denied as futile when "the proposed amendments could not withstand a motion to dismiss." Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

1. Analysis

Plaintiff seeks to add federal claims for "Fourth Amendment False Imprisonment," "Fourth Amendment Malicious Prosecution," and "Fourth Amendment right to privacy public disclosure of private facts and false accusations of a crime."

The court construes Plaintiff's newly proposed "Fourth Amendment False Imprisonment" claim as a claim under 42 U.S.C. § 1983 for false arrest or false imprisonment. See, e.g., Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). "False imprisonment consists of detention without legal process," Wallace v. Kato, 549 U.S. 384, 389 (2007). While such claims are cognizable under the Fourth Amendment, see id., plaintiff has not alleged that she was ever detained. See BLACK'S LAW DICTIONARY 543 (10th ed. 2014) (detention defined as "the act or instance of holding a person in custody; confinement or compulsory delay"). A temporary ban from school grounds does not qualify as detention; plaintiff retained freedom of movement everywhere except on school property. Where the motion to amend seeks to add a claim under § 1983 for false imprisonment, it is thus denied as futile.

"To state a claim [for malicious prosecution], a plaintiff must allege that the defendant 1) caused 2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and

10

3) criminal proceedings terminated in plaintiff's favor." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). Plaintiff fails to meet at least the third element because she has not been criminally prosecuted. Thus, where the motion to amend seeks to add a claim for malicious prosecution, it is denied.

The court construes plaintiff's claim for "fourth Amendment right to privacy public disclosure of private facts and false accusations of a crime" as an injury to reputation claim based on denial of procedural due process under the Fourteenth Amendment. This claim is premised on two rights guaranteed by the Fourteenth Amendment: 1) "the liberty to engage in any of the common occupations of life" and 2) "the right to due process [w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him." Sciolino v. City of Newport News, Va., 480 F.3d 642, 646 (4th Cir. 2007) (alteration in original). However, the Supreme Court has held that reputation alone does not implicate any "liberty" or "property" interest sufficient to invoke the procedural protection for the due process clause and something more than simple defamation, for example "some more tangible interests such as employment," must be involved to establish a claim under § 1983. Paul v. Davis, 424 U.S. 693, 701 (1976). Based on the allegations in the complaint, plaintiff is still employed, and she has neglected to allege any tangible interests affected by the incidents described in the complaint and motion to amend. Accordingly, where the motion to amend seeks to add a claim for injury to reputation, it is denied.

The court construes Plaintiff's claims for "embarrassment," "extreme inconvenience," and "loss of liberty" as claims for intentional infliction of emotional distress and false imprisonment under North Carolina state law. See Stanback v. Stanback., 254 S.E.2d 611, 621-22 (N.C. 1979) (intentional infliction of emotional distress); Hales v. McCrory-McLellan Corp., 133 S.E.2d 225,

11

227 (N.C. 1963) (false imprisonment). As noted above, "a district court may decline to exercise supplemental jurisdiction over a pendent state law claim if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where the court declines to exercise supplemental jurisdiction over state law claims for which the related federal claims have been dismissed, that part of plaintiff's motion to amend seeking to add state law claims is denied.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss (DE 103, 114) are GRANTED, and this action is DISMISSED for failure to state a claim upon which relief can be granted. Plaintiff's motion to amend (DE 134) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of November, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge